Roane, J.
Several objections were made at the bar to the information and proceedings in this case. As there is one which I deem substantial, it will be unnecessary to take notice of the others. It is not alleged in the information that an election was holden, or that at that election the vote was given. The prosecution, as appears by the order for a summons, and from the whole tenor of the proceedings, was for bribery in the election of a Clerk. But is the o9emce properly set forth? Though I am well satisfied that an election took place, and that upon such election a corrupt vote was given, yet as implications can never without danger be admitted in criminal prosecutions, whether they be by information or indictment I cannot judicially know the fact unless it be certainly alleged.
It is not certainly stated that the other Judges were sworn, that an election was holden, or that ihe vote was given at that election. If the information had been sufficiently particular in these respects, the validity of the election would have been immaterial. But the vote, from all that appears in this information, might have been a solitary one by J\°eweU3 and not social with his companions 5 and 1 hold it to be exceed *120 ingly clear, that wherever an election depends upon the votes of a particular body, composed of many in-div ¡duals, it should as plainly appear that an election was holden by that body, as that the individual accused voted at it; for the Statute against the sale of offices will not, in such a case, apply to an individual exercise of the power of appointing. If the appellant gave a solitary vote, it was not an offence within the meaning, because it could not be within the mischief of the Statute, for such a vote could not confer even a colourable title to the office. Neither do I conceive that the case would in this respect be different at common law, supposing that a promise of a reward would constitute the offence at common law. I am therefore of opinion, that the offence is not sufficiently set out in this information, to authorise a judgment either under the Statute, or at the common law. The judgment I think, ought to be reversed.
Carrington J. — I am clear that the information wants that precision necessary in all criminal prosecutions. We can presume nothing; and since it was essential that an election should have been holden, and the vote then given, it ought to have been clearly alleged, and cannot be intended. I agree with my brother Roane, that the information is insufficient, and ought to be quashed.
Lyons J. — I concur in opinion with the other Judges, that the information has not certainty enough in describing the offence. It ought to appear that the offence existed otherwise than in intention: and that it was actually carried into execution, which could only be, by an election having been holden, and the corrupt vote then given.
The President. — We all agree that there is not sufficient certainty in the information in describing the offence. It is not sufficiently alleged that a majority of Justices qualified 5 that a Court was holden. *121 feat an election took place, and that the vote was then given»
Judgment reversed with' costs, and the Information quashed.([1])

(1) Dilliard v. Tomlinson, 1 Munf. 99.